STATE ex rel. J. T. HANCOCK v. HONORABLE E. C. LOVE,
Circuit Judge.
197 So. 534
En Banc
Opinion Filed August 2, 1940

*B. K. Roberts* and *Weldon G. Starry,* for Petitioner;

*George Couper Gibbs,* Attorney General, *William Fisher, Jr.,* Assistant Attorney General, and *Orin C. Parker, Jr.,* State Attorney, for Respondent.

PER CURIAM.—In a petition for a writ of prohibition it is in effect alleged that in the Circuit Court for Leon County a motion to quash several informations charging criminal offenses, filed under the statute predicated upon matters *in pais,* was overruled by the trial court when it should have been sustained to establish immunity of the petitioner from prosecution under the statutes of the State. The petition for writ of prohibition is signed by the petitioner and his counsel. The petition is not sworn to by petitioner but is sworn to by counsel "to the best of his knowledge and belief." The copy of the motion to quash attached to the petition filed here indicates that it was signed by counsel and sworn to by counsel on "the best of his knowledge, information and belief." The motion to quash does not purport to have been signed or sworn to by the defendant.

The Criminal Practice Act, Section 138, Chapter 19554, Acts of 1939, in effect requires the use of a motion to quash an indictment or information charging a criminal offense

instead of a plea as theretofore; and such a motion to quash based upon matters *in pais* of which the defendant has personal knowledge should be duly sworn to by the defendant. The law does not contemplate that immunity from criminal prosecution may be established or that the jurisdiction of a court of record to try criminal cases may be ousted upon allegations of matters *in pais* signed by counsel and sworn to on information and belief, not signed and not sworn to by the defendant, when such allegations relate to matters within the knowledge of the defendant and not within the knowledge of counsel.

The trial court was justified in overruling the motion to quash. It was not properly authenticated to establish immunity of the defendant from prosecution for crime or to challenge the jurisdiction of the court to proceed with trials on the information referred to in the motion to quash. As formerly in pleas now allegations of fact in motion to quash indictments and informations charging criminal offenses on grounds that are predicated upon matters *in pais,* may be traversed and appropriate proceedings had thereon. In State *ex rel.* v. Petteway, 121 Fla. 822, 164 So. 872, cited for petitioner, the pleas were properly signed and duly sworn to by defendant-petitioner. The demurrer is sustained and the petition for writ of prohibition is dismissed.

TERRELL, C. J., and WHITFIELD, BROWN CHAPMAN and THOMAS, J. J., concur.

BUFORD, J., concurs specially.

BROWN, J. (concurring).—By concurring in the foregoing opinion, I do not wish it to be implied that I think writ of prohibition should have been granted if the motion interposed in the trial court had been duly verified. I think the circuit court has ample jurisdiction to rule upon any motion or other pleading interposed by a defendant in any case

which such court has jurisdiction to try and dispose of. The jurisdiction to act necessarily carries with it the power to act erroneously, as well as to act correctly. Where a court is vested with jurisdiction to act in a case, the remedy for erroneous action is by appeal, not by writ of prohibition.

BUFORD, J. (concurring specially).—I concur in the judgment solely on the ground that the petition for writ of prohibition is not properly verified to warrant the court in assuming jurisdiction to enter an order of prohibition.

The allegations of the petition, had they been properly verified, are entirely sufficient to warrant the issuance of a rule *nisi*.

We are not reviewing the order of the circuit court overruling the motion to quash. This we may only do on writ of error to final judgment. Nevertheless, as copy of such motion is attached to and made a part of the petition for writ of prohibition, the Court in the majority opinion, has taken occasion to point out that motions to quash made upon grounds formerly presented by pleas in abatement must be positively verified by the defendant and has held that the record here shows that the motion filed in the circuit court was not so verified. Without such verification, such motion is of no avail.