168 So.2d 674 (1964)
Lionel Stanley SARDINIA, Petitioner,
v.
The STATE of Florida, Respondent.
No. 33455.
Supreme Court of Florida.
November 12, 1964.
*675 Robert L. Koeppel, Public Defender, W. Eugene Neill, and Patrick A. Podsaid, Asst. Public Defenders, for petitioner.
James W. Kynes, Atty. Gen., Leonard R. Mellon and Victor V. Andreevsky, Asst. Attys. Gen., for respondent.
THORNAL, Acting Chief Justice.
By petition for a writ of certiorari we are requested to review a decision of the Court of Appeal, Third District, which has been certified to us as passing upon a question of great public interest. Sardinia v. State, Fla.App., 162 So.2d 328; Article V, Section 4, Florida Constitution, F.S.A.
We must decide whether one charged with a felony in Florida is constitutionally entitled to the assistance of counsel at his arraignment and, if so, whether the right was waived in the instant case.
Sardinia was informed against for the crimes of breaking and entering and petty larceny. The former is a felony. On May 29, 1961, he was arraigned in Criminal Court of Record of Dade County. Without the assistance of counsel he entered a plea of guilty. There was no evidence of a waiver of counsel at this time. On June 1, 1961, he was brought on for trial. Pursuant to the plea of guilty he was convicted and sentenced to a term in the state prison. At the trial and sentencing the petitioner was assisted by privately employed counsel who appeared with him in court.
On August 16, 1963, Sardinia, pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, moved to vacate the conviction and sentence. He alleged that at the time of arraignment he was a pauper, could not employ a lawyer, and that he entered the guilty plea without the assistance of counsel. The trial judge denied the motion to vacate. The ruling was appealed to the Court of Appeal, Third District. That court appointed a public defender to represent the accused in the appellate proceeding. The District Court was of the view that Sardinia's failure to move to set aside the plea of guilty when he appeared for trial with the aid of counsel, constituted a waiver of any organic defect in the arraignment. It is this decision which is now submitted for review.
Initially, the petitioner attempted to establish jurisdiction here on the basis of alleged conflicts between the instant decision and the decision of the Court of Appeal, Second District, in Hall v. State, 160 So.2d 527, and the decision of the Court of Appeal, First District, in Conley v. State, 160 So.2d 752. Any possible concern over jurisdiction has been alleviated by the fact that the Court of Appeal has certified its decision to us as being one which passes on a question of great public interest. We may, therefore, proceed directly to a consideration of the merits. Susco Car Rental System of Florida v. Leonard, Fla., 112 So.2d 832; James v. Keene, 133 So.2d 297.
Petitioner contends that our judgment should be influenced by the decision in Hall *676 v. State, supra, where "arraignment" was apparently considered to constitute a part of the "trial". However, Hall, the accused, was convicted and sentenced without the assistance of counsel pursuant to a plea of guilty which was likewise entered without counsel. Petitioner's reliance upon Conley v. State, supra, is also ill-grounded. In Conley there was no lawyer at the arraignment. The trial judge, with district court affirmance, held that the accused waived counsel when, pursuant to inquiry, he specifically stated that he did not desire the assistance of counsel. Both Hall and Conley are, therefore, inapposite to our present problem.
The essential substance of Sardinia's claim is that in Florida an arraignment now constitutes a critical stage in a felony prosecution. Hence, he concludes that the assistance of counsel at the arraignment is an essential of due process. He supports his position by reliance upon Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. Gideon does require the assistance of counsel at every critical stage of a felony prosecution unless such assistance is properly waived. Hamilton required the assistance of counsel at arraignment because it was concluded that, under Alabama law, arraignment constitutes a critical step in the proceeding. There certain defenses are waived if not asserted before or at arraignment. They cannot later be advanced except in the discretion of the trial judge whose discretion was held to be "not revisable" by an Alabama Appellate Court. In Hamilton it was held that the Alabama arraignment constitutes an effective barrier to the subsequent assertion of certain defenses. Hence, it was determined that the assistance of counsel at that stage was vital. The situation in Florida is substantially different.
In Ex Parte Jeffcoat, 109 Fla. 207, 146 So. 827, it was held that an arraignment at that time was merely a formal preliminary step and not a critical stage in a criminal prosecution. In view of subsequent legislation we find it necessary to re-examine the Jeffcoat rule. That case was decided in 1933. Chapter 19554, Florida's Criminal Procedure Act, was enacted in 1939. Chapters 908-909, Florida Statutes, F.S.A. derive from various sections of Chapter 19554, supra.
Under the 1939 statute, an accused in Florida does run the risk of losing the benefit of certain defenses if he fails to assert them at or before arraignment. For example, under Section 909.17, Florida Statutes, F.S.A., the defense of insanity must be announced at arraignment or prior thereto. Regardless of this, under Section 909.17(3), the trial judge may permit evidence of the defense upon a showing of good cause. Under Section 909.06, Florida Statutes, F.S.A., a motion to quash an indictment must be filed before the accused pleads guilty thereto. Nevertheless, the trial judge has the power to extend the time under Section 909.01, Florida Statutes.
Consequently, in Florida, while the defendant is required to take certain action at or prior to arraignment, he can still obtain relief by applying to the trial judge at a later stage. Unlike the Alabama rule, in Florida the exercise of discretion by the trial judge is subject to appellate review. This Court has consistently insisted that great liberality be extended by trial judges in favor of a trial on the merits of a criminal case.
In cases where defendants have pleaded guilty at arraignment, the Florida Rule is that a subsequent request to withdraw the plea should be favorably received "in any case" where it is "the least evident" that the ends of justice would be served. Canada v. State, 144 Fla. 633, 198 So. 220; Asbey v. State, Fla.App., 102 So.2d 407; Morgan v. State, Fla.App., 142 So.2d 308; Roberts v. State, Fla.App., 142 So.2d 152; Rubenstein v. State, Fla.App., 50 So.2d 708. Thus, if a defendant pleads guilty to a felony without the assistance of counsel at his arraignment, a subsequent request to withdraw the plea should be granted as *677 a matter of law, unless it is clear that he has knowingly and intelligently waived counsel.
A plea of guilty, in and of itself, is not a waiver of the right to assistance of counsel. Indeed, the lack of advice of counsel could often result in a plea of guilty by one untrained in the intricacies of the criminal law. It is for this very reason that assistance of counsel in felony cases has been elevated to due process status. Gideon v. Wainwright, supra. It is only when the accused knowingly and intelligently waives the right that he can be bound by any action taken without such assistance. Carnley v. Cochran, 369 U.S. 508, 82 S.Ct. 884, 8 L.Ed.2d 70; Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367.
In view of statutory and decisional developments in the law since Ex Parte Jeffcoat, supra, we are now led to conclude that when an accused is arraigned on a felony charge, the cautious and proper procedure would be to advise him of his right to the aid of counsel. The Legislature itself has made this requirement when he appears for a preliminary hearing. Section 902.01, Florida Statutes, F.S.A. We approve the practice recommended by this Court over fifty years ago in Cutts v. State, 54 Fla. 21, 45 So. 491. It was there suggested that when one charged with a felony is presented for arraignment, the judge should inquire as to whether he has a lawyer to represent him. If he has none, but wants one, and inquiry reveals that he is unable to employ one, he should be informed of his right to state-appointed counsel, then, and at his trial. With such advice, the accused can make an intelligent election. All of this should be noted in the minutes against a possible post-conviction claim that the privilege of counsel was denied. Cutts v. State, supra; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. The procedure recommended will assure the accused of the protection to which he is entitled under the decisions which we have cited. It will serve the public interest by preventing a possibility of expensive re-trials following successful post-conviction assaults on sentences. More importantly it will aid in promoting an orderly process of administering criminal justice.
In Florida, because of the cited provisions of Chapter 19554, supra, and the decisions which we have mentioned, arraignment can become a critical step in the prosecution. This can result from subsequent action at the trial. See for example, Harris v. State, Fla., 162 So.2d 262. It is, therefore, important to surround the arraignment with adequate procedural safeguards, such as we have suggested, in order to forestall a fatal defect in the ultimate prosecution. Unless the right to counsel is intelligently waived at the arraignment or by subsequent action of the accused, a conviction grounded upon a guilty plea without the aid of counsel would be constitutionally defective.
In the instant matter, however, the petitioner Sardinia, was not convicted and sentenced in the absence of assistance of counsel. With the aid of privately supplied counsel he appeared for trial and stood on his plea of guilty. No request to withdraw the plea was ever submitted. No otherwise available defense was ever tendered. No effort to proceed to a full trial on the merits was ever made. Consequently, it is logical to conclude that with the aid of counsel the petitioner here reaffirmed his plea of guilty. In so doing, he thereby waived the lack of counsel at his arraignment. The defect in the arraignment which could have been critical, was, therefore, eliminated by the accused himself. He did this by his subsequent action and non-action with the assistance of his lawyer.
Finding, as we do, no reason to differ with the decision of the District Court of Appeal, its decision is approved.
It is so ordered.
O'CONNELL, CALDWELL, ERVIN and BARNS (Ret.), JJ., concur.