SHANNON, Judge.
This is an appeal from an order denying, without a hearing, defendant’s motion for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
The only issue is whether the defendant, at the time of his arraignment, waived the right to counsel. The complete transcript of the arraignment is set out below;
“THE COURT: You are John McKenzie?
“MR. McKENZIE: Yes, sir.
“THE COURT: How old are you, John?
“MR. McKENZIE: Thirty-nine.
“THE COURT: Thirty-nine. Do you know what you are charged with?
“MR. McKENZIE: Yes, sir.
“THE COURT: In one case that on the 19th of February, 1965, you made an assault on James Anthony Boney, Jr., not having a premeditated design to kill. Now that is a felony for which you could get five years in the State Prison. Do you understand that?
“MR. McKENZIE: Yes, sir.
“THE COURT: And the other one is that you stole a .22 caliber pistol and one .38 caliber pistol and cash of an unknown amount of the value of a hundred dollars or more belonging to Winston Hasting. Now that is a felony for which you could get five years.
“MR. McKENZIE: Yes, sir.
“THE COURT: You understand that you are entitled to have a jury sit over there and hear the evidence and decide whether or not you are guilty or innocent and a lawyer to represent you. The State will pay for the lawyer, if you are unable to hire one.
“MR. McKENZIE: Yes, sir.
“THE COURT: Or you can plead guilty and let the Court investigate it, throw yourself on the mercy of the Court. What are you going to do?
“MR. McKENZIE: I don’t remember it, Your Plonor. I was very intoxicated. I was in this man’s place, I used to eat with him and all. But I will plead guilty and throw myself on the mercy of the Court. I haven’t done anything like this before.
“THE COURT: Show his plea and I will get a pre-sentence investigation.”
The appellant contends that the record affirmatively shows a plea of guilty entered without the assistance of counsel, and therefore his conviction should be set aside.
*71 The appellee contends that the trial judge fully advised the appellant of his constitutional rights but that the appellant intelligently waived the right to counsel and elected to plead guilty.
During every “critical stage” of a criminal proceeding a defendant is entitled to assistance of counsel, unless there has been a waiver of the right. Montgomery v. State, Fla.1965, 176 So.2d 331. An arraignment may become a “critical stage” if it produces a guilty plea by the defendant E. g., Montgomery v. State, supra; and Sardinia v. State, Fla.1964, 168 So.2d 674.
In Mason v. State, Fla.1965, 176 So.2d 76, the Florida Supreme Court expressly approved the decision of this court in King v. State, Fla.App.1963, 157 So.2d 440. The defendant in King appealed denial of his Rule 1 motion, which had alleged that he had been insolvent, and pleaded guilty without the assistance of counsel or without being offered counsel. The record showed that at arraignment the defendant, without counsel, had pleaded guilty, stated that no one had threatened or promised him, and that he understood that he could receive a trial if he wanted one. The court reversed, saying that the plea of guilty was not sufficient to constitute a waiver of right to counsel. In the opinion it was stated:
“ * * * As we have noted above, a request for counsel is not necessary; and a failure to request counsel does not constitute a waiver of the right. On the other hand, if the record shows or if there is evidence which shows that the court offered counsel to defendant, then the burden rests upon the defendant to allege and prove that he did not intelligently and understandingly reject such offer. * * *
“The fact that the record here shows that this defendant was informed of his right to a trial, and that he was offered a trial but elected instead to plead guilty, does not justify denial of the motion, and particularly so where, as here, the denial - was without a hearing. * * * ” 157 So.2d at 444.
In Mason, supra, the Supreme Court laid down the guidelines for informing an accused of his right to an attorney. The court said:
“* * * [A] plea of guilty standing alone, even though voluntarily made, does not constitute a waiver of the right to assistance of counsel as a matter of law. Sardinia v. State, Fla., 168 So.2d 674. In the cited case, we pointed out that a lack of advice of counsel could be an important factor in producing a plea of guilty which otherwise might not be tendered if the assistance of counsel were available. It is now generally agreed that a plea of guilty without more does not conclude the matter of a waiver against an accused. (176 So.2d at 78)
* * * * -•!= *
“ * * * For the future guidance of the trial judges we again approve the practice recommended by us in Sardinia v. State, Fla., 168 So.2d 674, where we made approving reference to Cutts v. State, 54 Fla. 21, 45 So. 491. When an accused is charged with a felony, and appears in court without a lawyer, he should be advised of his constitutional right to the assistance of one as well as the availability of one to be appointed by the court, if he is not able to provide his own. If he desires counsel and claims indigency, the court should determine whether, in fact, he is indigent. If he is, counsel should be supplied. Of course, if the accused is informed of his rights as above summarized, and then declines the assistance of a lawyer, an intelligent waiver can be said to be the result. * * *” Id. at 80.
In light of the principles expressed above, we conclude that the record in this case does not reflect an intelligent waiver of the right to counsel. A waiver *72 “is ordinarily an intentional relinquishment !or abandonment of a known right or privilege.” Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Although it may seem to be a decision based on a hypertechnicál point, we hold that the trial judge’s offer and explanation of the defendant’s right to counsel was inadequate and defective. The critical portion of the colloquy between the judge and defendant was as follows:
“THE COURT: You understand that you are entitled to have a Jury sit over there and hear the evidence and decide whether or not you are guilty or innocent and a lawyer to represent you. The State will pay for the lawyer, if you are .unable to hire one.
“MR. McKENZIE: Yes, sir.
“THE COURT: Or you can plead, guilty and let the court investigate it, throw yourself on the mercy of the court. * * * ” (Emphasis added.)
It appears to us that the choice offered this defendant was between being tried by a jury, with counsel, or pleading guilty, without counsel. This is not the kind of choice from which an intelligent waiver can result, because it is made to appear that a lawyer’s advice is unnecessary if a defendant merely wishes to plead guilty. It is, in our view, totally inharmonious with the constitutional guarantee of right to counsel to assume that any layman possesses the legal acumen necessary to decide whether to plead not guilty and face trial, or to plead guilty and avoid trial. This is the fundament of legal advice, and it is not to be presumed that an uncounselled defendant, eschewing the ordeal of a jury trial, is at the same time relinquishing the aid of a lawyer. It is especially pertinent to note that a layman’s concept of guilt does not always accord with the legal definition, and in this case the defendant’s volunteered remarks concerning intoxication may well have provided the basis for a legal defense based on the inability to form the specific intent necessary for commission of the crimes charged. Obviously this defendant knew nothing of the possible availability of such a defense, nor, by the choice put to him by the trial judge, was he ever adequately apprised of the availability of legal counsel even if he should want to tender a guilty plea. The assistance of an attorney at all critical stages cannot, on the basis of this record, be said to have been waived.
Accordingly, the decision of the lower court is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
ALLEN, C. J., and PIERCE, J., concur.