**Albert HARRIS, Jr., Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Flor-
ida Division of Corrections, Appellee.**

No. 24492.

United States Court of Appeals
Fifth Circuit.

Jan. 21, 1969.

Richard A. Sicking, Miami, Fla., for appellant.

Wallace E. Allbritton, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for respondent.

Before JOHN R. BROWN, Chief Judge, COLEMAN and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This is an appeal from the denial by the District Judge of a petition for a writ of habeas corpus. The double-barreled question presented is whether (a) Florida's arraignment procedure is such a critical stage of the criminal proceeding in a capital case that (b) the lack of counsel during arraignment establishes a *per se* violation of constitutional rights without any showing of prejudice. The District Judge answered this in the negative. Ours is more equivocal: (a) it is a criti-

cal stage, unless (b) there has been no likelihood of prejudice, but (c) the burden of disproving likelihood of prejudice is on the State. We, therefore, reverse and remand for further proceedings.[1]

The facts are simple and may be briefly stated. Petitioner was arrested, indicted, tried and convicted in 1940 for murder in the first degree, for which he received a life sentence. Twice he appeared without counsel and entered a plea of guilty, but neither of these pleas of guilty was used in any way against him. On December 2, 1940 he was formally arraigned again without counsel and changed his plea to not guilty. The Federal District Judge found that Petitioner was indigent and unrepresented by counsel at arraignment, and the State had not offered him counsel prior to, or at, arraignment. The record shows, however, that Petitioner was represented by counsel at trial. No allegation of any specific prejudice arising from the lack of counsel at arraignment was made either in the habeas petition, by evidence or argument on the hearing below, or by brief or argument before us.

Our consideration of the problem begins with Hamilton v. Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. Charles Hamilton was accused of a capital crime in Alabama. At his arraignment on the charge he was not represented by counsel. He pleaded not guilty but was convicted and sentenced to death after a trial at which he had counsel. The Supreme Court held that arraignment in Alabama was a critical stage of the criminal proceedings because certain defenses, pleas, and motions must be raised at the arraignment, and if not raised then they "may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes." Hamilton v. Alabama, supra, 368 U.S. at 54, 82 S.Ct. at 159, 7 L.Ed.2d at 116. Among those motions that must be made are the defense of insanity, pleas in abatement, and challenges to the composition of the

---

1. This case has been considered along with Stanley v. Wainwright, 5 Cir., 1969, 406 F.2d 8.

grand jury. The Supreme Court read Alabama law as not allowing further pleas after arraignment "except in the discretion of the trial judge, and his refusal to accept it is 'not revisable' on appeal." 368 U.S. at 53, 82 S.Ct. at 158, 7 L.Ed.2d at 116.[2] The Court held that when one "pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted. * * * [T]he degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." 368 U.S. at 55, 82 S.Ct. at 159, 7 L.Ed.2d at 117.

The Supreme Court next considered this peculiar critical stage problem in White v. Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193. In that case White pleaded guilty to a capital offense at Maryland's preliminary hearing. He was not represented by counsel at that time. After obtaining counsel, White changed his plea at arraignment to "not guilty" and "not guilty by reason of insanity." At trial, however, the guilty plea made earlier was introduced into evidence. The Court held that this series of events turned the Maryland preliminary hearing into as critical a stage in the proceedings as arraignment in Alabama and that White's right to counsel had been violated.

Many cases since *Hamilton* and *White* have wrestled with contentions that those cases laid down hard, inflexible rules that arraignments and preliminary hearings are critical stages *per se* and the absence of counsel at that time violates the Sixth and Fourteenth Amendments. See, e. g., Pointer v. Texas, 1965, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; United

States ex rel. Combs v. Denno, 2 Cir., 1966, 357 F.2d 809; Chester v. California, 9 Cir., 1966, 355 F.2d 778; Vitoratos v. Maxwell, 6 Cir., 1965, 351 F.2d 217. But we find no case that has so construed *White* and *Hamilton*. As the Second Circuit said in United States ex rel. Cooper v. Reincke, 1964, 333 F.2d 608, "from [*White* and *Hamilton*] it is plain that there is no arbitrary point in time at which the right to counsel attaches in pre-trial proceedings." Id. at 611. Compare Pointer v. Texas, supra, where the Court considered the differences between the pre-trial proceedings in *White* and *Hamilton* and those in *Pointer* (Texas preliminary hearing) to be "significant" and *White* was not necessarily controlling. Indeed, the courts have consistently refused to read *White* and *Hamilton* as absolutely requiring the presence of counsel anytime the accused is required to plead to a charge. See, e. g., DeToro v. Pepersack, 4 Cir., 1964, 332 F.2d 341, cert. denied, 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181. The problem is qualitatively one of substance: What, if anything, must be done? If not done what is lost? If lost, is the loss irretrievable? Or can the "lost" right or privilege for all practical purposes be regained without substantial disadvantage? The problem and inquiry turn, therefore, primarily on consequences.

■ We must therefore focus on the specific procedure used in Florida during arraignment and the consequences that may possibly flow from the absence of counsel at that stage of the proceedings. The procedure in Florida is only slightly different from that employed in Alabama. Both by the express terms of the Florida Statutes[3] and by court decisions

---

2. We must accept that reading even though its correctness has been questioned in view of Garrett v. State, 1947, 248 Ala. 612, 29 So.2d 8, in which the Alabama Supreme Court did review the refusal of a trial judge to accept a plea of insanity.

3. F.S.A. 908.02 (1940):
   "Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding

in the cause if the defendant pleads to the indictment or information or proceeds to trial without objection to such failure or irregularity."
F.S.A. 909.01 (1940):

   "Either prior to or upon being arraigned, the defendant shall, unless the court grants him further time, either move to quash the indictment or information or plead thereto, or do both. If he moves to quash, without

applying them [4] certain defenses must be raised at or prior to arraignment, and they can be raised later only in the discretion of the trial judge. But the Judge's

also pleading, and the motion is withdrawn or overruled, he shall immediately plead."

F.S.A. 909.02 (1940):
"All defenses heretofore available to a defendant by plea, other than pleas of nolo contendere and not guilty, shall be taken only by motion to quash the indictment or information, whether the same relate to matters of form or substance, former acquittal, former jeopardy, or any other defense which heretofore was raised by plea."

F.S.A. 909.06 (1940):
"If the defendant does not move to quash the indictment or information before or at the time he pleads thereto he shall be taken to have waived all objections which are grounds for a motion to quash. If, however, the defendant learns after he has pleaded or has moved to quash on some other ground that the offense with which he is now charged is an offense for which he has been pardoned, or of which he has been convicted or acquitted or been in jeopardy or for which he has been granted immunity the court may in its discretion entertain at any time before verdict a motion to quash or motion for directed verdict on the ground of such pardon, conviction, acquittal, jeopardy or immunity."

F.S.A. 909.17 (1940):
"(1) When in any criminal case it shall be the intention of the defendant to rely upon the defense of insanity, no evidence offered by the defendant for the purpose of establishing such insanity shall be admitted in such case unless advance notice of such defense shall have been given by the defendant as hereinafter provided.

If the defendant upon arraignment, or prior thereto, notifies the court that he will rely upon insanity as one of his defenses, then the court will hear the parties and require the defendant to file, within such time as may be fixed by the court, a bill of particulars showing as nearly as he can the nature of insanity he expects to prove and the names of the witnesses by whom he expects to prove such insanity.

(2) Upon the filing of said bill of particulars by the defendant, upon motion of the prosecution, the court, after hearing, may cause the defendant to be examined in the presence of attorneys for the state and for the defendant, by one or more disinterested qualified experts, not exceeding three, appointed by the court, at such time and place as may be designated in the order of the court, as to the sanity, or insanity, of the defendant at the time of the commission of the alleged offense and subsequent thereto. The procedure shall follow that set forth in chapter 917.

(3) Upon good cause shown for the omission of the notices and procedure as to the defense of insanity, as here set forth, the court may in its discretion permit the introduction of evidence of such defense."

F.S.A. 909.21 (1940):
"In all capital cases where the defendant is insolvent, the judge shall appoint such counsel for the defendant as he shall deem necessary * * *"

4. The brief of Albert Datz, Esq., Court appointed counsel, in *Stanley*, (note 1 supra) describes it in this comprehensive fashion: In addition to the defense of insanity, there are "myriad other defenses which must be presented in Florida at arraignment, or they will be waived. 909.02 Florida Statutes provides that all defenses not raised by a plea of not guilty or nolo contendere must be made by motion to quash. This includes, but is not limited to, such defenses as former jeopardy, the statute of limitations, improper venue, impropriety in the grand jury, and immunity from prosecution. Horton v. Mayo [153 Fla. 611], 15 So.2d 327 (Fla.1943); State v. Lewis [152 Fla. 178], 11 So.2d 337 (Fla.1943); Potsdamer v. State, 17 Fla. 895 (Fla.1880); [State ex rel.] Hancock v. Love [143 Fla. 883], 197 So. 534 (Fla.1940); Poppell v. State, 148 Fla. 275, 4 So.2d 331 (Fla.1941). Further, objections to either the form or substance of the indictment must be made by motion to quash; this includes, of course, objections as to the constitutionality of the charge, the sufficiency of the charging instrument to state an offense, or such defects in the charging instrument as vagueness and indefiniteness, duplicity, improper joinder of counts, improper joinder of defendants, and multifarious other objections which can be of vital consequence to a defendant. Section 909.01, Florida Statutes requires that the motion to quash must be made prior to

exercise of such discretion, if adverse to the defendant, is liberally subject to review on appeal. Sardinia v. State, Fla., 1964, 168 So.2d 674. This distinction, the presence of appellate review in Florida, is the only meaningful one that can be made between the Alabama and Florida procedures. Moreover, it was the statutory changes of 1939 (see note 3 supra), just a year before Petitioner's trial, which gave the arraignment its critical character.[5]

The inquiry must then become: Is this a distinction of sufficient import to call for a different result from that reached in *Hamilton*? We think it is.

At the very outset it is significant that with its historic [6] emphasis on

---

or at arraignment unless the court grants him further time. Section 909.06 Florida Statutes explicitly provides that 'if the defendant does not move to quash the indictment or information before or at the time he pleads thereto *he shall be taken to have waived all grounds for a motion to quash.*' (emphasis supplied). See also, Kaminski v. State, 72 So.2d 400 (Fla. 1954); Fuller v. State [159 Fla. 200], 31 So.2d 259 (Fla.1947); Sinclair v. State, 46 So.2d 453 (Fla.1950).

Still further, there are certain extremely important defensive tools or devices which the defendant may be forced to forego if he does not assert his right to them at arraignment. Most notable of these is the bill of particulars, which it has been held must be demanded prior to pleading to the merits of a charge. Mathis v. State, 45 Fla. 46, 34 So. 287 (Fla.1903). * * * "

5. In footnote 4 of *Hamilton*, the Supreme Court cited Ex parte Jeffcoat, 1933, 109 Fla. 207, 146 So. 827, as an example of a case construing arraignment statutes in a state where arraignment was not a critical stage. But *Jeffcoat* was decided in 1933, and was legislatively overruled as the Florida Supreme Court pointed out.

"In Florida because of the cited provisions of Chapter 19554, supra, and the decisions which we have mentioned, arraignment can become a critical step in the prosecution."

Sardinia v. State, Fla., 1964, 168 So. 2d 674, 677.

"Under the 1939 statute, an accused in Florida does run the risk of losing the benefit of certain defenses if he fails to assert them at or before arraignment." Id. at 674.

See also Florida Rules of Criminal Procedure, 33 F.S.A. effective December 31, 1967:

Sec. IV. Arraignment and Pleas
Rule 1.160(e)—Defendant Not Represented by Counsel:
"Prior to arraignment of any person charged with the commission of a fel-

ony, if he is not represented by counsel, the court shall advise him of his right to counsel and if he is financially unable to obtain counsel, of his right to be assigned court-appointed counsel to represent him at such arraignment and at all subsequent proceedings in the case * * * "

" * * * If counsel be appointed, a reasonable time shall be accorded to such counsel before the defendant shall be required to plead to the indictment, information or affidavit upon which he is to be arraigned or tried, or otherwise to proceed further." In re Florida Rules of Criminal Procedure, 196 So.2d 124, at 142 (Fla. 1967).

The advisory, unofficial note of the Court Rules Committee to this Rule states:

"In Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, involving breaking and entering with intent to commit rape, the Supreme Court held the defendant entitled to counsel at the arraignment, if the arraignment be deemed a part of the trial, as apparently it is under Alabama law. In Ex parte Jeffcoat, 109 Fla. 207, 146 So. 827, the Supreme Court of Florida held the arraignment to be a mere formal preliminary step to an answer or plea. However, in Sardinia v. State, Fla., 168 So.2d 674, the court recognized the accused's right to counsel upon arraignment. FS 909.21 provides for appointment of counsel in capital cases." In re Florida Rules of Criminal Procedure, supra, at 143.

6. In *Sardinia*, supra, the Court stated:
"We approve the practice recommended by this Court over fifty years ago in Cutts v. State, 54 Fla. 21, 45 So. 491. It was there suggested that when one charged with a felony is presented for arraignment, the judge should inquire as to whether he has a lawyer to represent him. If he has none, but wants one, and inquiry reveals that he is unable to employ one, he should be informed of his right to state-ap-

**6**

appointment of counsel for the arraignment the Supreme Court of Florida has "consistently insisted that great liberality be extended by trial judges [to allow late motions]." Sardinia v. State, Fla., 1964, 168 So.2d 674.[7] This duty on the part of the State Trial Judge to allow late pleas and motions and its counterpart of like liberality in the appellate review of any denials greatly ameliorates the apparent rigidity of the prescribed statutory procedure (note 3 supra). It checks the Trial Judge's rulings lest possible prejudice be done to the defendant. And for the lawyer who comes into the case after non-counsel arraignment it affords an almost limitless opportunity to demonstrate factually, legally, or both, that harm did occur. The system is self-correcting and invites correction.

■ But the matter does not end here. For a capital case the Court laid down the stringent standard that "we do not stop to determine whether prejudice resulted [since the] degree of prejudice can never be known." Hamilton, supra, 368 U.S. at 55, 82 S.Ct. at 159, 7 L.Ed.2d at 117. Several directions may be open. One is to take a doctrinaire route that the words create an absolute. Another is to read them as descriptives in a setting which irretrievably cuts off significant defenses or advantages. This route, taken by the District of Columbia Circuit in McGill v. United States, 1965, 121 U.S.App.D.C. 179, 348 F.2d 791, is the rational one. In considering the problem of absence of counsel at a federal arraignment "before the court concludes that there is a constitutional right it must" determine not that the accused has necessarily "been preju-

diced in fact" but rather has been "at least exposed to a reasonable possibility of prejudice in fact." Id. 348 F.2d at 793. By this approach doubt works in favor of the accused. But it is a reasoned doubt, a doubt shown factually to have some likely basis in fact.

Following this direction we avoid here alternative results each lacking in substance. One would be to hold that since no specific claim of even possible prejudice was asserted either factually or legally there is no likelihood at all that the Florida courts would have cut off any rights initially or would have sustained any such action had it been challenged on appeal. That would end it without more. The other would be to hold that no inquiry whatsoever is required or permitted into the possibility of prejudice. That would mandate vacating the sentence without more.

■ But more is required in determining whether defects of constitutional proportion have or have not taken place in a procedural structure which relaxes the apparent rigidity both initially in the Trial Court and on liberalized review in the Appellate Court. This requires a factual inquiry and determination.

This inquiry would canvass factually all of the defenses and procedural advantages which have to be first asserted at arraignment. If none were found to have any likely basis then nothing in fact would have been lost. On that hypothesis it would be immaterial whether the Trial Court would, or would not, have declined to permit belated motions or pleas or whether, on appeal, the Florida review-

---

pointed counsel, then, and at his trial. With such advice, the accused can make an intelligent election."
168 So.2d at 677.

7. The Court went on:
"In cases where defendants have pleaded guilty at arraignment, the Florida Rule is that a subsequent request to withdraw the plea should be favorably received 'in any case' where it is 'the least evident' that the ends of justice would be served. Canada v. State, 144 Fla. 633, 198 So. 220; Asbey v. State,

Fla.App., 102 So.2d 407; Morgan v. State, Fla.App., 142 So.2d 308; Roberts v. State, Fla.App., 142 So.2d 152; Rubenstein v. State, Fla.App. [Fla.], 50 So.2d 708. Thus, if a defendant pleads guilty to a felony without the assistance of counsel at his arraignment, a subsequent request to withdraw the plea should be granted as a matter of law, unless it is clear that he has knowingly and intelligently waived counsel."
168 So.2d 674.

ing court would have reversed. On the other hand, if there is a likely possibility that any or all of the pleas, motions, claims, etc., had a plausible basis for assertion, then a determination must be made concerning the question whether it is likely that the Trial Court, or on review the Appellate Court, would have permitted their belated assertion. Affirmative answers to such latter inquiries would eliminate altogether absence of counsel at the arraignment as the basis for the claim of a sentence infected by constitutional error. It would then, at most, be transmuted into quite different considerations of trial tactics and strategy by counsel (retained or appointed), competency of counsel, knowing waiver and the like.

■■ The protection to the accused and the full vindication of the underlying constitutional right is assured by putting the burden on the State to exclude the likelihood of harm. The burden in some situations may be heavy, McGarrah v. Dutton, 5 Cir., 1967, 381 F.2d 161, 165. But "unless the possibility of prejudice is excluded from the record, the conviction cannot stand." Chester v. California, 9 Cir., 1966, 355 F.2d 778, 786 (Browning, J., concurring in part and dissenting in part). On the other hand, if indeed no possibility of prejudice stemmed from the lack of counsel at Petitioner's arraignment, then no constitutional rights were violated and no grounds for granting the writ would be presented. United States ex rel. Caccio v. Fay, 2 Cir., 1965, 350 F.2d 214.

■ Of course such post-event judicial inquiries are more and more required in response to expanding constitutional doctrines.[8] And were called for to vindicate Federal rights it matters not that the particular State has no prescribed procedure which precisely fits.[9] Fortunately, the latter presents no problem since the Florida post-conviction remedy [10]—a mechanism we find so useful throughout the Circuit [11]—has special utility here. The inquiry here, both factual and legal, is what the Florida Courts would have done. The answer may dispel altogether any Federal constitutional question. And in any event it will enable the Federal Court to act with a certainty as to what the Florida Courts now say Florida Courts would have done. No matter how dedicated or enlightened three or a dozen Federal Judges, trial or appellate, might be, this inquiry would be a best guess only. Cf. Stool v. J. C. Penney Co., 5 Cir., 1968, 404 F.2d 562.

The result is that we vacate the judgment denying habeas and remand the cause for further consistent proceedings as may be appropriate after complete exhaustion of the Florida proceedings required by this opinion.[12]

Vacated and remanded.

---

8. See the post-trial determinations of Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 on voluntariness; Lopez v. Texas, 1964, 378 U.S. 567, 84 S.Ct. 1924, 12 L.Ed.2d 1038, per curiam; Del Hoyo v. New York, 1964, 378 U.S. 570, 84 S.Ct. 1928, 12 L.Ed.2d 1039, per curiam.

9. See, e. g., affording a meaningful out-of-time direct appeal: McKinney v. United States, 5 Cir., 1968, 403 F.2d 57; Lyles v. United States, 5 Cir., 1965, 346 F.2d 789; Camp v. United States, 5 Cir., 1965, 352 F.2d 800; Bray v. United States, 5 Cir., 1966, 370 F.2d 44; Brewen v. United States, 5 Cir., 1967, 375 F.2d 285; Schwander v. United States, 5 Cir., 1967, 386 F.2d 20; Le-Master v. Beto, 5 Cir., 1967, 387 F.2d

612 (Tex.); Beto v. Martin, 5 Cir., 1968, 396 F.2d 432 (Tex.).

10. Fla.R.Crim.P. 1.850 (formerly Rule 1). Spencer v. Wainwright, 5 Cir., 1968, 403 F.2d 778, 780.

11. Texas v. Payton, 5 Cir., 1967, 390 F.2d 261; Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731; Boyer v. City of Orlando, 5 Cir., 1968, 402 F.2d 966; Spencer v. Wainwright, 5 Cir., 1968, 403 F.2d 778, 782, n. 8.

12. *Hamilton* and *White* were written in the context of capital cases and we write here only for the capital case. We express no thoughts on what might be required, or what might be the result, in a non-capital setting.