222 So.2d 38 (1969)
Robert James MACHWART, Appellant,
v.
STATE of Florida, Appellee.
No. 68-339.
District Court of Appeal of Florida. Second District.
February 19, 1969.
Rehearing Denied May 9, 1969.
*40 Walter R. Talley, Public Defender, Bradenton, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Chief Judge.
Appellant, Robert James Machwart, was charged in three informations of having purchased paregoric with more than four grains of opium within forty-eight consecutive hours. Appellant plead guilty to all three counts and signed a waiver of right of counsel on March 22, 1968. Following pre-sentence investigation he was adjudicated guilty and given three years probation under the condition that he "in all respects live honorably, work diligently at a lawful occupation." Thereafter, on May 21, 1968, the trial judge, without appellant being represented by counsel, entered an order revoking appellant's probation and sentenced him to five years on each of the three counts to run consecutively.
After sentence was handed down, the appellant filed a handwritten notice of appeal on July 1, 1968. Thereafter, the public defender was appointed by order dated July 10, 1968, to represent appellant in this appeal. On July 23, 1968, he filed his notice of appeal asking this court to review the order dated May 22, 1968. [This should have read May 21, 1968.] Subsequently, on October 15, 1968, after the running of the 90 day period for filing notice of appeal from either the date of judgment or sentencing,[1] an amended notice of appeal was filed asking this court to review the trial court's orders bearing dates of April 26, 1968 and May 21, 1968.
The initial question to be decided is whether this court has jurisdiction to review the instant case. We believe that the July 1 handwritten notice of appeal, though somewhat deficient in form, was sufficient to vest jurisdiction in this court over the entire matter. Fla.App. Rule 3.2 (c), 32 F.S.A. Furthermore, the notice of appeal of July 23, 1968, was filed within 90 days and cured any defects the original notice of appeal may have had.
In this case the defendant was brought before the judge on three separate occasions. On March 22, 1968, the defendant was arraigned and plead guilty. On April 26, 1968, he was tried and convicted of the offense, that is, he was adjudged guilty and placed on probation. Then on May 21, 1968, his probation was revoked and he was sentenced.
Thus on the first date we had an arraignment and defendant's plea. In Florida an arraignment is a "critical stage" of a criminal proceeding, and the accused is entitled to have an attorney with him unless he intelligently waives that right. Sardinia v. State, Fla. 1964, 168 So.2d 674. The record reveals a circuit court minute book entry reciting that defendant was "present in open court, was advised of his rights to have counsel represent him at no charge and to have a trial by jury, waived these rights, was arraigned as to each information and entered plea of guilty as to each information." The record also contains a "waiver of counsel" signed by appellant and dated March 22, 1968. It therefore appears that the defendant waived his right to counsel at this proceeding.
As for the events of April 26, 1968, this court faces what appears to be a novel situation. In reported cases delineating the various critical stages of a criminal action the arraignment, plea, trial, and conviction occur on the same day. In this case, however, the trial judge withheld the adjudication of guilt until one month after the arraignment. In other words, the trial and conviction occurred on a separate occasion. These were delayed in order that a pre-sentence investigation could be made.
*41 In Horton v. State, Fla.App. 1964, 170 So.2d 470, cert. denied, Fla. 1965, 174 So.2d 33, the First District Court of Appeal noted the distinction between arraignment, trial, and conviction. It stated that all three of these steps constituted critical stages in the proceeding. Even though these stages took place during a single confrontation with the trial judge, the court stated:
"While the record thus shows that the appellant had the benefit of counsel in connection with his sentencing by the court, the `Gideon rule,' recognized universally in the federal and state courts, is that an indigent defendant, charged with a felony in a state court, is constitutionally entitled to the benefit of counsel at `every critical step' in the criminal proceeding; and here the record unequivocally shows that the appellant had no counsel and was offered none at three critical steps in the criminal proceeding against him  at his arraignment, trial, and conviction." 170 So.2d at 473.
Likewise, in Piehl v. State, Fla.App. 1965, 173 So.2d 723, reversed on other grounds, Fla. 1966, 184 So.2d 417, the same court again expressly recognized that arraignment, trial, conviction, and sentencing are distinct "critical stages" in the prosecution of the accused. See also, Evans v. State, Fla.App. 1964, 163 So.2d 520; Perkins v. State, Fla.App. 1964, 165 So.2d 248, where these separate steps are impliedly acknowledged.
Even though this court has found no cases with facts identical to those before us, that is, with these "critical stages" occurring on different dates, we do believe that Florida law is clear that these are separate stages, each of which require the trial court to inform the defendant of his right to counsel. The trial and conviction are not any less critical just because they are held on a separate day.
As a practical matter, the trial and conviction, as distinguished from the original arraignment and plea, are important simply because the defendant has the right to move the court to withdraw his plea of guilty at any time before sentence. CrPR 1.170(f), 33 F.S.A.
Having established the right to counsel at the April 26 proceeding, we must determine if this right was waived. The minute book states that "* * * came the defendant in open court not represented by counsel, having waived his rights to have an attorney represent him * * *." A reading of the transcript made that day indicates that the waiver referred to in the minute book must refer to the waiver of March 22. This prior waiver is not sufficient to waive counsel at this later date. It is apparent from the record that the appellant was not advised that he could have an attorney represent him at this particular point in the proceedings. See Fulmore v. State, Fla.App. 1967, 198 So.2d 101, 102. Appellant did not waive his right to counsel at this "critical stage" in the proceedings and this clearly constitutes reversible error.
We now turn to the third phase of the present cause. On May 21 probation was revoked and the defendant was sentenced. The right to counsel at sentencing is a constitutional right which must be waived, if waived at all, voluntarily, knowingly, and intelligently. Fulmore v. State, supra; Randall v. State, Fla.App. 1966, 188 So.2d 334, and where both revocation of probation and sentencing occur in the same proceeding both the sentence imposed and the order revoking his probation are void if defendant was not afforded the opportunity to be represented by counsel. Herrington v. State, Fla.App. 1968, 207 So.2d 323.
According to the transcript the following took place at this hearing:
"THE COURT: You remember what I told you when I placed you on probation?

*42 DEFENDANT: Yes, sir.
THE COURT: Do you want a lawyer? You know what I'm going to do to you.
DEFENDANT: I'd like to ask to turn myself into the Federal Authorities for 42 months. I need psychiatric help. I tried, I really did. I mean I had no desire to mess up. But the pressure is too great.
THE COURT: Well, really the only thing I can tell you at this time is I will give you a lawyer if you want one on whether you're guilty of this violation or not.
DEFENDANT: That's not the question. I'm guilty of the violation. The point is, I need psychiatric treatment. I'd like to turn myself into the Federal Authorities in Tampa and they'll send me to Lexington for 42 months."
As in McKenzie v. State, Fla.App. 1966, 187 So.2d 69, we may be basing our decision on a "hypertechnical point," but we believe the trial court's offer of an attorney "on whether you are guilty or not," did not apprise the defendant that he was entitled to a lawyer regardless of whether he was guilty. The defendant may have thought he could have an attorney only to help prove he was not guilty of the violation. The court did not tell him he could have counsel at this point simply because it was the sentencing and that his right to counsel exists regardless of his violation of parole. In fact, rather than waiving counsel, defendant was making a request with regard to his sentence, a request that an attorney could have made much more effectively on his behalf. Furthermore, at no point in the above exchange did the defendant state that he did not want an attorney.
We therefore hold that appellant was entitled to counsel at the proceeding in which he was adjudged guilty, and at his subsequent sentencing. He did not intelligently waive counsel at either of these proceedings.
Reversed and remanded for further proceedings consistent with this opinion.
PIERCE and MANN, JJ., concur.
NOTES
[1] Rule 6.2, F.A.R., now provides only 30 days within which to appeal a criminal conviction.