**Edward Robert MARSHALL, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**No. 69–571–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

Sept. 30, 1969.

On Motion to Reconsider Oct. 6, 1969.

Edward Robert Marshall, pro se.

Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

## ORDER

SCOTT, District Judge.

On September 16, 1969, this Court issued an order to the respondent to show cause why relief should not be granted in this case. The Court has now received the respondent's response and has reviewed the entire record.

The thrust of petitioner's case is that he was denied the assistance of counsel when he pled guilty to a charge of robbery in the Criminal Court of Record of Duval County, Florida, on February 19, 1963. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961). The petitioner was sentenced to a term of 20 years in the Florida State Prison.

█ The first inquiry is whether the petitioner has exhausted available state court remedies. Although petitioner did not take a direct appeal from the sentence imposed by the Criminal Court on April 30, 1964, petitioner filed a motion in state court to vacate the judgment, alleging grounds identical to those urged before this Court. After an evidentiary hearing in the Criminal Court of Record of Duval County, Florida, on October 13, 1964, the motion to vacate the sentence was denied. On appeal the District Court of Appeal of Florida for the First District affirmed the denial of the petitioner's motion. Marshall v. State, 176 So.2d 110 (1965). It, therefore, appears that petitioner has presented the issues for appellate review in what is, practically speaking, the "court of last resort" in the Florida state court system. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1952). This is so because the Florida state court system was designed so that the Supreme Court of Florida has a limited scope of review of Florida district court decisions.

We then turn to the merits.

█ In the state's response it is conceded that petitioner did not have counsel present at the February 19, 1963, arraignment at which petitioner pled guilty. The state, however, contends that subsequent to the entry of the guilty plea on February 19, 1963, and prior to the pronouncement of the sentence on March 18, 1963, the state appointed counsel to represent the petitioner. The record reflects that counsel was appointed in an order dated March 11, 1963. The state argues that when petitioner failed to withdraw his guilty plea prior to the March 18, 1963, sentencing, after counsel had entered the case on March 11, 1963, he reaffirmed his plea of guilty while assisted by counsel so as to correct any constitutional defects in the prior proceedings. Sardinia v. State, 168 So. 2d 674 (Fla.1964). The state points out that the *Sardinia* case establishes that as a rule of law in Florida a defendant who has pled guilty without counsel may withdraw his guilty plea prior to sentencing and proceed with all former rights. 168 So.2d 676, 677.

**1010**

The Court is unable to accept the contention of the respondent in this case. *Gideon* requires that the defendant be advised of his right to counsel at all critical stages in the criminal proceeding. There is no question that the proceeding at which a defendant pleads guilty to a crime for which he can receive a sentence of 20 years is a "critical" stage in the criminal process. Moreover, there is no assurance that the state court would have allowed the petitioner to withdraw his guilty plea prior to sentencing, as the state argues. *Sardinia* was not announced until November 12, 1964, some 20 months after the petitioner was sentenced. Prior to *Sardinia,* and at the time the petitioner was sentenced, the Florida rule was that where defendants had pled guilty at arraignment, a subsequent request to withdraw should be favorably received in any case where it is the least evident that the ends of justice would be served. 168 So.2d 676. But who knows whether the trial judge, in his discretion, would have considered this case sufficient to meet that criteria?

Secondly, even if the petitioner had had counsel prior to his sentencing, a substantial question exists as to the effectiveness of the counsel. While the court records reflect that counsel was officially appointed on March 11, 1963, the testimony elicited at the state hearing on the motion to vacate the sentence reveals that counsel did little, if anything, other than speak to the petitioner *just before sentencing.* The testimony of the petitioner and counsel at that hearing was that counsel spoke briefly to petitioner just before he was sentenced. Certainly, in light of the other irregular circumstances, the involvement of counsel in this case is not sufficient to rectify the previous constitutional errors. Jones v. Smith, 411 F.2d 475 (5th Cir. 1969); Calloway v. Powell, 393 F.2d 886 (5th Cir. 1968).

Put simply, this is a case of too little too late. Petitioner did not have *effective* counsel at a *critical* stage in the proceedings. This is not to say that a defect at arraignment can never be corrected by subsequent entry of counsel into the case, but in the instant case there are too many irregularities and uncertainties to say that petitioner was afforded his constitutional rights in accordance with *Gideon.*

Therefore, it is

Ordered:

1. The judgment of conviction entered in the Criminal Court of Record of Duval County, Florida, on March 18, 1963, against the petitioner, together with the sentence imposed thereunder, are hereby vacated.

2. The state is granted a period of 120 days from the date of this order to rearraign and retry the petitioner on the original charge; provided, however, that before doing so the state shall guarantee petitioner his constitutional right to court-appointed counsel in the absence of waiver. If proceedings are not conducted in accordance with the preceding sentence of this paragraph 2, the petitioner must be released from custody.

### On Motion to Reconsider

### ORDER

■ Counsel for respondent has orally moved this Court to reconsider its order of September 30, 1969, in which the Court vacated the judgment of conviction entered against the petitioner in the Criminal Court of Record of Duval County, Florida, on March 18, 1963, along with the sentence imposed thereunder. Respondent now urges that this Court should remand the case to the state court for a hearing on the question of whether petitioner was prejudiced by absence of counsel at arraignment. Harris v. Wainwright, 406 F.2d 1 (5th Cir. 1969). The Court has determined that the particular facts of this case do not necessitate a remand to the state court.

A full evidentiary hearing has been held *previously* in the state court to determine whether prejudice resulted from petitioner's lack of counsel, pursuant to Rule 1.850 of the Florida Rules of Criminal Procedure, 33 F.S.A. The state circuit court, as well as the District Court

of Appeal of Florida, denied the petitioner's motion to vacate his sentence. Moreover, this Court's determination that prejudice has resulted to petitioner is based on the evidence adduced at the state evidentiary hearing. Heyd v. Brown, 406 F.2d 346 (5th Cir. 1969). Accordingly, the requirements of *Harris* have been met.

Therefore, it is

Ordered:

Respondent's motion for reconsideration is denied.