LILES, Acting Chief Judge.
Appellant appeals from the denial by the trial judge of appellant’s petition for a writ of error coram nobis and petition for motion to vacate judgment and/or other appropriate relief. Appellant was informed against in 19S6 on a two-count information, charging him with breaking and entering a dwelling with the intent to commit a felony and grand larceny and accessory before the fact. He was brought before the court for arraignment and plea and changed his plea from not guilty to one of guilty as charged. He was not represented by an attorney at the arraignment and sentencing. However, the state maintains that he knowingly, willfully and intelligently waived counsel.
The following constitutes the entire record of what took place on February 6, 1956, when appellant withdrew his plea of not guilty and entered his plea of guilty:
“MR. JOHNSON: Mr. Fasenmyer, I have read this information to you, charging you with the offense of Breaking and Entering with Intent to Commit a Felony in the first count and Grand Larceny in the second count. How do you plead?
THE DEFENDANT: Guilty in both counts.
THE CLERK: How about the attorney? Does the attorney still represent you ?
THE DEFENDANT: Yes. Yes. However, I don’t need any counsel, now. But he is—
MR. JOHNSON: Have you discussed with him the fact that you were going to enter a plea of guilty to these charges?
THE DEFENDANT: Yes, sir.
MR. JOHNSON: Now, has any promises been made to you or threats been made to you to induce you to plead guilty?
THE DEFENDANT: None whatsoever.
MR. JOHNSON: You are pleading because you are guilty ?
THE DEFENDANT: Yes, sir.
MR. JOHNSON: Do you have anything you would like to say to the Court at this time, Mr. Fasenmyer ?
THE DEFENDANT: No, sir. I don’t think anything further need be said.”
It is not argued by either side that the arraignment does not constitute a critical point in the proceedings and that there must be an intelligent waiver for the arraignment proceedings to be constitutional. This conversation, in our opinion, does not constitute an intelligent waiver. See Mason v. State, Fla.1965, 176 So.2d 76, 80; McKenzie v. State, Fla.App.1966, 187 So.2d 69; King v. State, Fla.App.1963, 157 So.2d 440, 443-44.
The second point raised by appellant concerns lack of counsel or waiver of counsel at the sentencing. This question has been answered adversely to the state’s position previously by this court in Machwart v. State, Fla.App.1969, 222 So.2d 38, and needs no further elaboration here.
For these reasons the order denying appellant’s motion to vacate and set aside judgment is hereby reversed with directions that the defendant be granted a new trial at which counsel may represent him.
Reversed and remanded.
PIERCE and MANN, JJ., concur.