James **HUNTER**, Jr., Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, Respondent-Appellee.

No. 74–1324

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1974.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409.

James Hunter, Jr., pro se.

Andrew W. Lindsey, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

Hunter appeals from the district court's denial of his petition for habeas corpus. On March 21, 1961, Hunter unrepresented by counsel pleaded guilty at arraignment on charges of robbery. On August 1, 1961, he appeared with counsel for trial before the state court. The guilty plea went unchanged and the result was twenty-five years imprisonment. Hunter took no direct appeal but he has exhausted state remedies in attacking the conviction. His attack in state and federal court focused on (1) lack of representation by counsel at arraignment, and (2) involuntariness of the guilty plea. Neither the state courts nor the federal district court conducted an evidentiary inquiry into Hunter's allegations.

In Harris v. Wainwright, 406 F.2d 1 (5th Cir. 1969), the court discussed the constitutionality vel non of lack of counsel at arraignment in a Florida capital case. The same guidelines are appropriate in considering this serious felony conviction. The court stated the question as:

> Whether (a) Florida's arraignment procedure is such a critical stage of the criminal proceeding . . . that (b) the lack of counsel during arraignment establishes a *per se* violation of constitutional rights without any showing of prejudice.

And the court concluded:

> (a) it is a critical stage, unless (b) there has been no likelihood of prejudice, but (c) the burden of disproving likelihood of prejudice is on the State.

*Harris,* 406 F.2d at 2; Stanley v. Wainwright, 406 F.2d 8 (5th Cir. 1969).

The court below concluded that the arraignment was not a critical stage because Hunter had presented the argument (that denial of defense counsel at arraignment was harmful) to the state court and that court summarily decided the question against him. We conclude that the district court incorrectly shifted to Hunter the burden of showing likelihood of prejudice. The court stated

that Hunter's arraignment "without the assistance of counsel was not critical to the petitioner since sufficient opportunity has been afforded petitioner with subsequently provided counsel to demonstrate allegations of harm." Hunter alleged that "he made known to his counsel prior to sentencing that he wished to withdraw his plea, and would prefer a jury trial, but was informed by counsel that since he had pleaded guilty at the arraignment, there was nothing he could do." [1]

That allegation, if true, establishes the critical nature of arraignment to Hunter's case. Even though not the general rule, for Hunter the uncounselled guilty plea at arraignment may have foreclosed any possible defense at trial. If on remand the court concludes as alleged that Hunter's uncounselled arraignment guilty plea foreclosed a not guilty plea at trial then the arraignment was sufficiently critical to require assistance of counsel.

Should the court reach that conclusion, the next inquiry would be whether Hunter validly waived the right to counsel—a waiver the state must prove that Hunter made knowingly and intelligently. Goodwin v. Smith, 439 F. 2d 1180 (5th Cir. 1971).

Secondly, Hunter complains that his guilty plea was involuntary. He alleges that the plea at arraignment was coerced by a threat and was not made knowingly and understandingly. The state and federal courts decided that because Boykin v. Alabama, 395 U. S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires the record to reflect the voluntary and understanding. nature of state court guilty pleas, was not retroactive [2] Hunter was not entitled to relief. To the extent Hunter based his claim on *Boykin*, the district court was correct; however, the court failed to consider whether Hunter's plea was involuntary in fact. On remand the court should allow Hunter an opportunity to prove his allegation. Hendry v. Henderson, 447 F.2d 983 (5th Cir. 1971).

In summary, we reverse and remand for an evidentiary hearing and a determination of Hunter's claims in light of the discussion above.

Reversed and remanded.

---

l. If made, an apparent misrepresentation by counsel, Sardinia v. Florida, 168 So.2d 674 (Fla.1964).

2. See, Dominguez v. Henderson, 447 F.2d 207 (5th Cir. 1971).