PER CURIAM.
Before a defendant in a criminal proceeding will be permitted to act as his own counsel, the trial court shall make an inquiry on the record to demonstrate that the defendant fully understands and appreciates the seriousness of the charges and is capable of representing himself. The test as laid down by the U.S. Supreme Court reads as follows:
“To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge’s responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused’s professed waiver of counsel is understanding^ and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.” Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).
This test has been approved by the Florida courts and is included in a rule of criminal procedure. Drago v. State, 415 So.2d 874 (Fla. 2d DCA 1982); Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981); Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979); McClain v. State, 353 So.2d 1215 (Fla. 3d DCA 1977); Fasenmyer v. State, 233 So.2d 642 (Fla. 2d DCA 1970); Rule 3.111(d) Fla.R.Crim.P.
The record in the instant case fails to demonstrate that an adequate inquiry was made by the trial court so as to permit the defendant to represent himself.
Therefore, the verdict, adjudication of conviction, and sentence be and they are hereby reversed and set aside and the matter is returned to the trial court for purposes of a new trial.