## STATE OF FLORIDA v. WILL LEWIS

11 So. (2nd) 337

January 15, 1943

January Term, 1943

Special Division A

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellant.

*John M. Coe,* for appellee.

TERRELL, J.:

At a preliminary hearing before a justice of the peace, appellee was on June 17, 1942, bound over pending the action of the grand jury of Escambia County on a charge of rape. On July 1, 1942, the grand jury in regular session returned an indictment against him charging rape.

On July 9, 1942, he entered a plea in abatement to the indictment to which the State filed a demurrer. Eo die the defendant entered what he termed a "plea in abatement and/or motion to quash" the indictment wherein he alleged that he was a negro and was charged with the rape of a white woman, that negroes were unlawfully, arbitrarily, and systematically excluded from the grand jury which indicted him solely because of their race despite the fact that from 35 to 40 per cent of the adult male population of the country qualified for jury service were of the negro race.

The trial court sustained the demurrer to the plea in abatement but overruled it as to the "plea in abatement and/or motion to quash." The State then answered the latter plea wherein it set up the fact of the preliminary hearing held on the 17th of June, the result thereof, that defendant had procured counsel and both were advised that an investigation of the charge against defendant would be made by

the grand jury but that notwithstanding such knowledge defendant made no effort. to challenge the legality of the grand jury before it was empaneled and sworn as the law requires. The trial court held the answer of the State insufficient as a defense and granted the "plea in abatement and/or motion to quash" the indictment. The State appealed.

The only question presented is whether or not defendant forfeited his right to challenge the competency of the grand jury because he failed to do so before it was empaneled and sworn. It is not denied that it was empaneled in violation of his constitutional right.

At the outset, it appears that the parties were not certain whether the question of the grand jury's competency should have been raised by plea in abatement or by motion to quash. In our view, plea in abatement was the proper method and the "plea in abatement and/or motion to quash" will be so treated.

Under the Criminal Procedure Act (Section 905.02, Florida Statutes, 1941) the State or the person charged may challenge the panel or an individual grand juror. To reverse the trial court's ruling as to the instant challenge, the State relies on Section 905.05, Florida Statutes of 1941, which was also a part of the Criminal Procedure Act and is as follows:

"After the grand jurors have been empaneled and sworn, no objection shall be raised by plea or otherwise, to the grand jury. The empaneling and swearing of the grand jury shall be conclusive evidence of its competency and qualifications but the provisions of this section shall apply only to defendants who knew, or had reasonable ground to believe, that cases in which they were or might be involved would be investigated by the grand jury at the time it was empaneled and sworn."

It is contended that defendant was within the exception to this act and had reasonable ground to believe that the charge against him would be investigated by the grand jury as soon as convened because he had been bound over by a justice of the peace to await its action.

It is a fact that approximately twelve days elapsed between the order of the committing magistrate binding the

defendant and the date the grand jury was empaneled and sworn but we are not convinced that under the facts of this case that precludes the defendant challenging its competency. We do not set aside the rule previously enunciated by this Court, that issues of this kind must be seasonably presented and a ruling on them secured but time does not run before the indictment is found.

We are traditionally committed to the doctrine of a fair trial by a jury of one's peers. Cases may arise in which it would be proper to foreclose any assault on the competency of the grand jury if not made before it is empaneled and sworn but the enforcement of such a rule in this case would militate against a fair trial of the defendant.

In the first place, the grand jury is not drawn and empaneled until court convenes and those who may have charges preferred against them are warranted in assuming that those composing the grand jury will do their duty. It is hardly consistent with the spirit of fair trial to require them to assume that a capital offense will be lodged against them and then require them to challenge the competency of the grand jury before it is drawn. They would in other words be required to defend against a probability that may never become a reality. If one charged with crime is to be accorded a reasonable time to prepare his defense he is not required to assume that he will be indicted.

In the second place, this is a case in which a negro challenges the competency of the grand jury because members of his race were unlawfully, arbitrarily, and systematically excluded from it because of their race. If this is true, he is denied the equal protection of the law and is deprived of due process of law contrary to the Fourteenth Amendment to the Federal Constitution. Hale v. Commonwealth of Kentucky, 303 U. S. 613, 58 Sup. Ct. 753, 82 L. Ed. 1050; Hollins v. State of Oklahoma, 295 U. S. 394, 55 Sup. Ct. 784, 79 L. Ed. 1500; Norris v. State of Alabama, 294 U. S. 587, 55 Sup. Ct. 579, 79 L. Ed. 1074; Martin v. State of Texas, 200 U. S. 316, 26 Sup. Ct. 338, 50 L. Ed. 497. The rule is binding on State as well as Federal courts. Ex parte Virginia, 100 U. S. 339, 25 L. Ed. 676.

It may be competent to place a reasonable time limit on which a fundamental question like this may be raised but it certainly should not begin to run before he is advised of the charge. The Legislature may impose reasonable limitations on the exercise of constitutional guaranties but it cannot so limit them that they amount to a nullity or unduly embarrass the defendant. The law presumes him innocent until his guilt is established. To require him to defend before he is indicted would in effect repeal this long settled and approved precept.

The mere fact that the negro race is not represented on the jury list on parity with the white race is not violative of the Constitutional rights of a negro defendant if it is shown that those who selected the jury list discharged their duty honestly and did not in fact discriminate against the negro or any other race. Hale v. Kentucky, 303 U. S. 613, Annotation in 82 L. Ed. 1062. The grand or the petit jury may be composed of all negroes or all white or it may be a mixture of the two. In any event it will be lawful if no one is discriminated against because of his race.

Affirmed.

BUFORD, C. J., and CHAPMAN and SEBRING, JJ., concur.