PER CURIAM.
The appellant was subpoenaed as a witness before the Dade County Grand Jury. He refused to respond to the questions propounded to him and assigned sundry reasons for his refusal. Upon his refusal to comply with the order of the circuit court judge directing him to answer, the rule to show cause why he should not be held in civil contempt for his refusal to answer was *9 served. After a hearing, he was sentenced to a term in the County Jail with the proviso that the appellant could purge himself by notifying the court “at any time of the day or night that he is prepared and ready to appear and testify before the Dade County Grand Jury.” [1] This appeal is from the order on the rule to show cause.
On November 21, 1966, a Grand Jury subpoena was served requiring appellant’s appearance on November 29, 1966. One day prior to the appearance date, the appellant filed a motion to quash the subpoena on the ground that the Grand Jury had been selected, drawn, impaneled and sworn contrary to law and the Constitution of the State of Florida and the Fourteenth Amendment to the Constitution of the United States. He also contended that the subpoena had been issued contrary to Fla. Stat. § 932.17, F.S.A. Specific constitutional and statutory grounds were raised. Appellant also filed a motion to defer his appearance before the Grand Jury to give him time to interview the grand jurors for the purpose of obtaining evidence to support his constitutional grounds.
Three hearings were held on November 29, 1966. At the first hearing, the court held that the appellant did not have the legal right to file a motion to quash because said motion was premature.
The motion to quash was denied. The' witness appeared before the Grand Jury and refused to answer questions upon the ground that the Grand Jury was organized under unconstitutional laws. The witness was taken before the court. The court ruled that the appellant could not question the constitutionality of the Grand Jury, and instructed him to return to the Grand Jury and to answer questions. The court also told the appellant that if he attempted to raise this ground, he would be held for contempt. The witness returned to the Grand Jury for further questioning and refused to answer; he stated that he was under investigation by federal authorities and invoked his privilege against self-incrimination. He was directed to reappear before the Grand Jury on December 6, 1966. Upon his reappearance before the Grand Jury, the appellant again refused to answer questions asserting the privilege *10 against self-incrimination, and he was taken before the court. The immunity statute[2] was extensively argued, and upon petition by the State Attorney, the court entered a rule to show cause why the appellant should not be held in contempt. Appellant was ordered to appear on December 12, 1966. Prior to. the hearing, a verified response to the rule to show cause was filed.' Said response raised the grounds asserted on .this appeal, and requested additional time to secure the evidence and witnesses necessary to sustain the allegations. A motion for continuance was filed and denied. Appellant was held in contempt, and this appeal was instituted.
Appellant presents three points on this appeal. The first point is as follows:
“Where a rule to show cause is entered against a Grand Jury witness for his refusal to testify on the grounds of his constitutional privilege against self incrimination, the unconstitutionality of the laws under -which the Grand Jury commissioners are appointed, the uncoirstitu-tionality of the statute prescribing the qualifications of Grand Jurors, the constitutionality of the statute exempting certain religious sects from Grand Jury Service, the unconstitutionality . of' the Florida Immunity Statute, and the claim of denial of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution, insofar as the manner, method and procedure used by the Grand Jury Commissioners for the selection of prospective Grand Jurors, with the result that such Grand Jurors do not. constitute a representative cross section of the community, as required by law, was it error for the court' to deny such witness the opportunity of a full evidentiary hearing to sustain such challenges, all as set forth in detail in the verified response to the rule to show cause, on the sole ground that a person summoned to appear as a witness before a Grand Jury has no legal right to challenge its,legality?;
Under ordinary conditions, we would not accept this lengthy point because, it attempts to raise 21 assignments of error and to present many different aspects of this .matter under one point. However, since this- Court has expedited [3] t-his hearing and drastically shortened the time .for filing the briefs, we accept this point as presenting the -argument made therein; namely, ■the appellant, upon being cited for contempt, became a defendant and was a person held to answer to the Grand Jury and therefore, could raise the question of whether or not the: Grand Jury was legally constituted.
' In argument before this Court, the appellant 'concedes that the position firét assumed in the trial court (that as a witness, he was entitled to challenge the legality of the Grand Jury) is foreclosed by section 905.02, Fla.Stat., F.S.A., which provides :
f‘905.02 WHO MAY CHALLENGE— The state or a person who has been held to answer may challenge the panel or an individual grand juror.”
The Supreme Court of Florida -has stated that “[ujnder the Criminal Procedure Act (Section 905.02, Florida Statutes, 1941) the State or the person charged may challenge the panel or an individual grand juror.” State v. Lewis, 152 Fla. 178, 11 So.2d 337, 338 (1943).
*11 It- is apparent that appellant does not come within the purview of the statute in question because he has not been held to answer or charged with any crime by the Grand Jury. As the trial court pointed out at the final hearing of this cause:
“It still is the opinion of this Court that this individual is not being called to be answerable to the Grand Jury.
“He is being called to be answerable to this Court and therefore I am specifically avoiding ruling on any of the constitutional questions that you have raised. The sole point of the decision today is that this gentleman as a witness does not have the status'and is not being called to challenge, is not being held — strike that — to answer to this Grand Jury.
“The proceeding today is to answer to me as the Court, the Circuit Court of the Eleventh Judicial Circuit.”
Appellant cites no authority for the proposition, advanced upon appeal, that his status changed from that of a prospective witness to that of a defendant upon the service of a rule to show cause, and we have found no authority for the proposition. Nevertheless, it is certainly true that the appellant did stand to suffer a deprivation of his liberty, if he did not comply with the court’s order, and to that extent, he was a defendant. It is important to note that this was a civil proceeding. Appellant was not charged with a crime, but he was subject to coercive imprisonment for refusing to obey the court’s order to testify. See Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622; In re S.L.T., Fla.App.1965, 180 So.2d 374. As far as his relation to the Grand Jury was concerned, the appellant stood in no different position after the entry of the order requiring him to show cause than he did as a witness. His new relationship was with the circuit court and the judge who had directed him to respond to the Grand Jury. Since he was not charged with a crime under the Florida Statutes, h.e had no standing to challenge the legality of the Grand Jury. An additional and separate matter argued under appellant’s first point is his-contention that he could not be held in> contempt for his failure to answer ques--tions before the Dade County Jury because; the immunity granted him there would not" grant him immunity from charges which might be brought by the federal government. This argument has been effectively foreclosed by the decision of the Supreme Court in Murphy v. Waterfront Commission of N. Y. Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678.
Appellant’s second point urges that it was “error for the court to hold a witness in contempt without evidence to support the same”. This point is based upon the argument that the record fails to show that the trial court took evidence at the hearing prior to entering the order on the rule to show cause.
 The law governing procedure in civil contempt cases was stated by the Second District Court of Appeal of Florida, in the case of In re S.L.T., Fla.App.1965, 180 So.2d 374, 379, as follows:
“Due process of law requires that the party accused be advised of the charge and accorded opportunity to defend himself. In these proceedings there is no presumption of innocence and the burden of proof is upon the party bringing the charge to prove the facts charged by a preponderance of the evidence. Where a court order and its violation are established or admitted the burden is on the accused to show facts which would excuse his default.”
In the case at bar, it is apparent that there was no need for the State to present any evidence at the hearing on the rule to show cause because, prior to the hearing, the appellant had filed a response under oath admitting that he had not complied with the court’s order directing him to testify in exchange for immunity. This fact was also admitted by appellant’s coun *12 sel at the hearing on the rule to show cause, as evidenced by the following excerpt from that hearing:
“THE COURT: I thought you had by your very pleadings acknowledged that he refused to answer, did you not, counsel?
“MR. UNGERLEIDER: That’s right. He came in here with a sworn motion.”
We conclude that appellant’s second point does not present reversible error.
Appellant’s third point is as follows:
“Was it an abuse of discretion for the court to deny a Grand Jury witness a continuance to enable him to present numerous witnesses in support of his verified response to a rule to show cause why he should not be held in contempt for his refusal to testify, based on constitutional grounds ?”
The appellant has admitted in argument before this Court that this point does not present reversible error unless appellant should prevail upon his first point; ‘ therefore, we have not considered the point.
Having reviewed the record m the light of the points presented and found that no error has been demonstrated, we affirm the order appealed.
Affirmed.

. “The above styled cause coming on to be heard upon the Rule to Show Cause and upon Respondent’s motion to quash as amended, and response to Rule to Show Cause and the Motion for Continuance attacking the validity of the Dade County Grand Jury, and having heard argument of counsel for the respective parties, the Court finds that the Respondent in his status as a witness before the said Grand Jury has no standing to attack the validity of said Grand Jury; and the Court further finds that the Respondent has wilfully refused to comply with the prior Order of the Court wherein the Respondent was ordered to appear before the said Grand Jury and testify in exchange for immunity granted the Respondent by Section 932.29, Florida Statutes, and the Respondent’s refusal to testify was and is contemptuous, and it is, therefore,
“CONSIDERED, ORDERED AND ADJUDGED as follows:
(1)That Respondent, HYMAN MARTIN, is guilty of civil contempt of this Court by reason of his refusal to comply with the aforesaid Order of this Court.
(2) That said HYMAN MARTIN is hereby adjudged guilty of civil contempt, and hereby sentenced to imprisonment in the Dade County Jail until the 8th day of May, 1967 at 12:00 o’clock Noon.
(3) That said HYMAN MARTIN may purge himself of this adjudication of contempt by notifying this Court at any time of the day or night that he is prepared and ready to appear and testify before the Dade County Grand Jury.
(4) That the Sheriff of Dade County is hereby ordered to take the Respondent, HYMAN MARTIN, into custody and to confine him in the Dade County Jail pursuant to the provisions of this Order.
(5) That the Sheriff of Dade County is further ordered to permit the Respondent, while he is confined in the Dade County Jail to use the telephone at any time the said Respondent expresses a desire to telephone this Court to purge himself of Contempt.
DONE AND ORDERED in Miami, Florida, this 12th day of December, 1966.”

. Fla.Stat.1965, § 932.29, F.S.A.

. Notice of appeal was filed on December 16 and on December 19 the following order expediting cause was entered.
“It is further ordered that this appeal is expedited as follows:
(1)The record on appeal and appellant’s brief shall be filed on or before December 28, I960.
(2) Appellees’ brief shall be filed on or before .January 4, 1967.
(3) This cause is set for oral argument before the court on Friday, January 6, .1967 at 2:00 o’clock P.M. Counsel for each side will be allowed thirty (30) minutes for oral argument.”