ALLEN, Acting Chief Judge.
The appellant, Charles A. Porter, appeals from an order denying a second motion to vacate and set aside judgment, conviction and sentence under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, rendered April 28, 1967.
The defendant Porter was found guilty of rape, but the jury’s verdict recommended mercy. The lower court sentenced the defendant to 30 years confinement in the State Prison.
On May 12, 1966, the defendant filed a motion to vacate and set aside the judgment, conviction and sentence on the basis that his conviction was improper, illegal and involved an involuntary confession. This motion was denied.
Subsequently the order was appealed to this court and we affirmed. See Porter v. State, Fla.App.1967, 196 So.2d 455.
The appellant sets out the following points on appeal:
1. Was it error for all of the jurymen to be white in the trial of a Negro defendant charged with raping a white woman ?
2. Did the court err in allowing a juryman to remain on the jury who subsequent to the voir dire examination realized that he was casually acquainted with the alleged rape victim, by virtue of his employment wherein he serviced the refrigeration equipment where she was employed ?
*74 3. Did the police have probable cause to arrest the defendant and was the evidence obtained as an incidence of this arrest admissible to establish the defendant’s prior whereabouts?
4. Were any of the defendant’s constitutional rights violated by the police’s requiring him to participate in an identification lineup?
5. Were any of the defendant’s rights violated by the police’s removal of his clothing for future use as evidence without informing him of this purpose?
After a careful review of the record we find the arguments raised by appellant on this appeal to be without merit.
We find no error in these proceedings and affirm the decision of the court below.
Affirmed.
HOBSON and MANN, JJ., concur.