241 So.2d 871 (1970)
Duncan RELIFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 70-182.
District Court of Appeal of Florida, Second District.
December 11, 1970.
*872 Walter R. Talley, Public Defender, and Edwin T. Mulock, Asst. Public Defender, Bradenton, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Warren H. Petersen, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
Appellant Duncan Reliford appeals to this Court from an order entered by the Lee County Circuit Court denying his motion for discharge and to vacate sentence brought under Rule 1.850, Rules of Criminal Procedure, 33 F.S.A.
As grounds for his motion for discharge, Reliford contends (1) that his "constitutional rights were violated" in that "colored people were systematically excluded from the grand jury rolls", (2) he did not receive a fair trial in that he was exposed to "a form of line-up", without the assistance of counsel, (3) he was not advised of his right to appeal, and (4) his trial counsel was inadequate. In the light of the record, there is no merit to any of such contentions, but we will discuss them briefly seriatim.

(1) Alleged Exclusion of Negroes on Grand Jury.

No factual allegations are contained in Reliford's petition for relief. The contention is raised as a bare, naked conclusion. In Crusoe v. State, Fla.App. 1966, 183 So.2d 600, this 2nd District Court said that "A movant for post-conviction relief must allege factual elements sufficient to constitute a basis for the collateral relief sought, otherwise the motion is deficient." See also Swindle v. State, Fla.App. 1967, 202 So.2d 132; Brumley v. State, Fla.App. 1969, 224 So.2d 447; Sampson v. State, Fla.App. 1963, 158 So.2d 771.
The total lack of supporting allegations of fact as to the asserted exclusion of Negroes on juries, either trial juries or grand juries, is pointed up with emphasis in the light of this 2nd District Court's opinion in Porter v. State, Fla.App. 1968, 214 So.2d 73, wherein we held it was not error "for all of the jurymen to be white in the trial of a Negro defendant charged with raping a white woman." See also State v. Lewis, 1943, 152 Fla. 178, 11 So.2d 337.

(2) Out-of-Court Identification in Absence of Counsel.

Reliford apparently relies upon the U.S. Supreme Court cases of United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 1149, and Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, which hold that out-of-Court identification of a defendant will invalidate an in-Court identification under certain circumstances, namely, where the in-Court *873 identification is directly and materially affected and influenced by the previous out-of-Court identification. But it is expressly pointed out in both Wade and Gilbert that where the trial Court identification has not been influenced by the previous out-of-Court identification, but on the contrary is of an independent origin, the previous identification becomes immaterial as affecting the identification at trial.
The instant record here shows that the identification of Reliford at the trial was wholly independent of any observation in the jail. In his petition for relief, Reliford has wholly failed to show that he does not come squarely within the exception stated aforesaid in Wade and Gilbert.

(3) Failure of Counsel to Advise of Right to Appeal.

Reliford does not in any way show he was misled by the action or inaction of his trial counsel with reference to an appeal. He does not negative in his petition for relief the fair supposition that he well knew of his right to appeal of his own personal knowledge. Neither does he negative the fact that he was advised by the Court of his right to appeal, which is currently uniform procedure.

(4) General Incompetence of Counsel.

Cases are abundant to the effect that to afford colorable post-conviction relief the incompetence of appointed counsel must be such as to render the trial a mockery and a farce. No such allegations were made. In fact, the petition contains no factual allegations to show inadequacy of counsel to any degree.
This disposes of all contentions made here, adversely to Reliford. So the order appealed from is 
Affirmed.
HOBSON, C.J., and MANN, J., concur.