PEARSON, Judge.
The appellant was charged with the crime of armed robbery. Following a non-jury trial, he was found guilty, adjudicated, and sentenced to ten years in the state penitentiary. Two points are presented on this appeal, each going to the proof of the identity of the appellant as the person who perpetrated the crime. Although considered as two points, the points are actually one because appellant must prevail upon both of the points in order to secure a reversal. The two points are stated as follows:
“Whether the proceedings employed at the line-up were so suggestive as to constitute a denial of due process.”
“Whether the state established by clear and convincing evidence that the in-court
identification was independent of the line-up identification.”
The basis for our statement that appellant must prevail on both points is that we accept the position of the United States Court of Appeals, Fifth Circuit, in Ward v. Wainwright, 450 F.2d 409 (5th Cir. 1971), as a proper statement of the law applicable to line-up identification. In that case, the court held that even though a line-up may have been improperly conducted, if it nevertheless affirmatively appeared that the in-court identification was independent of the line-up, then the improper line-up would not be a basis for ha-beas corpus relief. The court stated:
>5* sfc ‡ ‡ í|í
“We conclude the record discloses that the robbery encounter itself provided a so much more reliable source of Valentine’s positive in-court identification than the suggestive jailhouse line-up, that we can safely conclude the latter created no likelihood of any substance that Valentine’s positive courtroom recognition of the defendant was mistaken. The whole street encounter brought Valentine into close physical contact with his assailant, both in casual conversation and in the intimidating circumstance of a pistol-point hold-up for a relatively long time interval in a lighted area, so that sure identification was possible.”
jJj ‡ * Hí ‡
(Emphasis supplied)
See Reliford v. State, Fla.App.1970, 241 So.2d 871.
In the case at bar, the victim who identified the appellant stated that the appellant approached him in a tavern parking lot, demanded his money, pulled out a gun, and took his watch and wallet. The victim scuffled with the appellant and the victim’s glasses were broken. The victim called for help and appellant was apprehended in the parking lot by a policeman responding to the call.
*727 Several hours later, in a line-up proceeding at which appellant was represented by counsel, the victim identified appellant as the robber. The record of the line-up proceeding reveals that the victim was uncertain in his identification. The victim explained his initial uncertainty by the fact that he had not yet had his glasses fixed, and required some time to make the identification because of the fact that it was necessary for him to cover one eye in order to see sufficiently. However, when he changed his mind, he stated that he was certain that the appellant was the perpetrator of the crime. During the line-up, the victim was asked twice, “Are you positive,” and once was told that it would be necessary for him to make a choice. Appellant’s counsel interposed no objection to this procedure.
The fact that the victim was uncertain at the line-up and initially selected another person greatly diminished the evidentiary weight to be given the line-up identification. Nevertheless, we do not think that the line-up identification can be said to be tainted under the standard set forth in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Pearson v. United States, 389 F.2d 684 (5th Cir. 1968). In the present case, it is unnecessary to rest our decision entirely on the holding that the line-up did not constitute a tainted identification, because appellant is mistaken in his interpretation of the record concerning his second point.
In his second point, appellant urges that the State fails to establish “by clear and convincing evidence that the in-court identification was independent of the line-up identification.” The record does not support this view of the evidence. In court, the victim stated as follows:
“A. ... I based this identification on the time that I was held up out in the street location, whatever it was there, and I don’t think I’ll ever forget that. It’s the first I have ever been held up, and it left a considerable mark on me.
Q. So, leaving that lineup completely aside, and putting it out of your mind, you can identify this defendant according to your memory of his face at the time of the commission of the crime ?
A. Yes, I can; his forehead, eyes, and facial features.”
The witness also stated that “I am basing it on my experience out in that parking lot and on viewing this man right here, now, with both my glasses.”
We hold that appellant has failed to demonstrate reversible error and the judgment is affirmed.
Affirmed.