PER CURIAM.
Appellant was tried non-jury on a charge of grand larceny. He was convicted and sentenced to eighteen months imprisonment.
The sole point raised on this appeal challenging the judgment is the failure of the trial court to suppress the in-court identification of the appellant on the ground that pre-trial identification had been unduly suggestive, thereby tainting the subsequent identification and resulting in a denial of due process of law to the appellant.
The record reflects that on January 15, 1973 the victim, Manfred Gerber, was carrying a bag in which he had $300.00. This bag was grabbed from him by one of two men, who approximately thirty minutes *774 earlier had inquired about employment at the Miami Beach hotel Gerber owns.
An employee at the hotel, Vince Kniep-kamp, also was an eyewitness to the crime, and he too stated that one of the two men approached him and asked for a job after Gerber left the premises briefly to go to the bank.
When Gerber returned from the bank, he testified that the two men again approached him and as he walked down a hallway with the men, the bag was snatched, and the two thieves fled with Gerber in pursuit. Gerber was able to get the license number and a description of the getaway car, a Blue Gremlin.
Eleven days after the theft, appellant was arrested while he was sitting in this car, which it turned out belonged to a cousin, Arthur Turner, who was killed in an accident subsequently.
After appellant’s arrest, a lineup was held at the Miami Beach Police Station, with Gerber, but not Kniepkamp, present. Gerber did not identify appellant in the lineup; however, the police then took him to a room, and requested Gerber to “take a look in here. Do you see anything?” Gerber then pointed out the appellant, a black man, talking to two white police officers and possibly another black man.
Kniepkamp later also identified appellant at a preliminary hearing which he attended with Gerber. At trial, appellant’s counsel specifically asked Gerber if at this preliminary hearing he said to Kniepkamp, “Do you recognize him [the appellant] ?”
Gerber responded: “No. It was the other way around. I was surprised that Kniepkamp said, ‘That’s him.’ ”
Appellant’s counsel also asked Gerber at trial to identify a photograph, and Gerber’s response was:
“It looks to me like Turner, but, a picture always is not, you know, a picture is a picture. I look much prettier in a picture than I look in nature.”
When appellant testified, he identified the person depicted in the photograph as his cousin, Arthur Turner.
However, both Gerber and Kniepkamp at the trial were positive that appellant was one of the two men who spoke to them and who participated in the crime. Kniepkamp, in fact, identified the appellant as the one who actually grabbed the bag from Gerber.
In addition, the record reflects the following colloquy between the state attorney and Gerber:
“Mr. Guy: Do you recognize the defendant as from your recollection on January IS, 1973, or from seeing him on subsequent occasions ?
“The Witness: Oh, from right from the beginning.”
We think the record in this case does not support appellant’s contention that the courtroom identification was tainted by the pre-trial identification. In our view, both Gerber’s and Kniepkamp’s identification in court was formulated independent of any undue suggestivity by the police during pre-trial identification procedures. See, Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Solloa v. State, Fla.App.1969, 227 So.2d 217; Reliford v. State, Fla.App.1970, 241 So.2d 871; Daniels v. State, Fla.App.1972, 262 So.2d 725.
Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are affirmed.
Affirmed.