329 So.2d 341 (1976)
Robert Jerry GLAS, a/K/a Kenneth Robert Fusco, Appellant,
v.
The STATE of Florida, Appellee.
Raymond C. DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 75-829, 75-857.
District Court of Appeal of Florida, Third District.
March 17, 1976.
Rehearing Denied April 22, 1976.
Phillip A. Hubbart, Public Defender, and Mark King Leban and Elliott Scherker, Asst. Public Defenders, for appellants.
Robert L. Shevin, Atty. Gen., and Margarita G. Esquiroz, Asst. Atty. Gen., for appellee.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Co-defendants, Robert Jerry Glas a/k/a Kenneth Robert Fusco and Raymond C. Diaz, were charged in the same information with robbery and carrying a concealed firearm. Both defendants pled nolo contendere to robbery and the State abandoned the charge of carrying a concealed firearm against both defendants. The trial court entered judgments of conviction and sentenced Glas to 25 years in the state penitentiary, 20 years to be stayed and withheld and at the completion of 5 years, probation for 20 years and sentenced Diaz to *342 15 years in the state penitentiary, 12 years to be stayed and withheld and at the completion of 3 years, probation for 12 years.
Since the charges against Glas and Diaz arose from the same incident, the separate appeals from the judgment of conviction and sentence of Glas and of Diaz will be treated together in his opinion.
The facts are that on November 3, 1974, two men entered a Cumberland Farm store and at gunpoint, forced the cashier to hand over the money. In addition to the cashier, there were three other witnesses, two in the store, a customer and the cashier's 14-year-old son, and a man who, while walking his dog across the street, observed the license number, the make and color of the car in which the robbers escaped, and the driver. With the license number and description of the getaway car and driver, the police were able to locate the defendants shortly after the robbery and in less than 2 hours, the witnesses were contacted and asked to return to the store for a show-up to identify the suspects. The defendants were viewed behind a one-way mirror, and both Glas and Diaz were identified by the three witnesses who were in the store. A third suspect, who was later dismissed as a defendant in the case, was identified by the man who had been across the street as the driver of the getaway car.
Defendants, Glas and Diaz, both made motions to suppress the show-up and subsequent line-up and in-court identifications. The court granted the motions as to some of the witnesses, but denied Glas' motion as to identification by the customer and Diaz's motion as to identification by the customer and the cashier, since each one identified the respective defendant(s) both in and out of court. When the court found identification by these witnesses to be untainted and admissible, both Glas and Diaz pled nolo contendre to the charge of robbery, and they were both convicted and sentenced on that charge. (The State abandoned the charge of carrying a concealed firearm.)
The points raised on appeal are (1) that the pretrial identification was unnecessarily suggestive and conducive to irreparable mistaken identification so as to constitute a denial of due process, and (2) that the State failed to show that the in-court identifications were made independently and without the taint of the improper pretrial identifications.
In discussing the first point, we look to the test for identifications stemming from pretrial confrontations as set out in Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411:
"... Whether, under the `totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. .. . (T)he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontations."
Applying these factors to the evidence adduced in this case, we find that the trial court's conclusions are amply supported by the record. In our opinion, the pretrial identifications were reliable and there was no substantial likelihood of misidentification. See Neil v. Biggers, supra.
As to the defendants' second point, that the State failed to establish by clear and convincing evidence that the in-court identifications were made independently of the pretrial identifications, the record does not support this view of the evidence. Rather, the record shows that independent of the pretrial identifications, the in-court identifications were based on the observations of the witnesses during and at the scene of the crime. Therefore, no reversible error has been shown on this point. Accord *343 Daniels v. State, Fla.App. 1972, 262 So.2d 725; Hanks v. State, Fla.App. 1974, 305 So.2d 817; Sweet v. State, Fla.App. 1975, 313 So.2d 130.
The trial court's ruling on a motion to suppress comes to this court with a presumption of correctness. In testing the accuracy of the trial court's conclusions, we should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in a light most favorable to sustain these conclusions. Rodriguez v. State, Fla.App. 1969, 189 So.2d 656, 660, concurring opinion by Judge Barkdull; State v. Bell, Fla.App. 1971, 249 So.2d 748, 750. In so doing, we have concluded that the trial court was correct in denying the motions to suppress the pretrial and in-court identifications by the witnesses.
Affirmed.