404 So.2d 1113 (1981)
James AGRELLA, Petitioner,
v.
The Honorable Leonard RIVKIND, As Judge of the Eleventh Judicial Circuit, in and for Dade County, Florida, and Bobby Jones, As Sheriff of Dade County, Florida, Respondents.
No. 81-2150.
District Court of Appeal of Florida, Third District.
October 9, 1981.
Glass, Rastatter & Tarlowe and Patrick C. Rastatter, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for respondents.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
James Agrella has filed a petition for writ of habeas corpus alleging that he is incarcerated without bond as a result of being held in civil contempt of an order requiring him to testify before the Dade County Grand Jury. The judgment of civil contempt provides, inter alia, (a) that Agrella was lawfully subpoenaed before the Grand Jury; (b) that he appeared, was duly sworn, and was given transactional immunity *1114 pursuant to Section 914.04, Florida Statutes (1979); (c) that despite the grant of immunity, Agrella continued to assert his privilege against self-incrimination and continued to refuse to answer questions asked of him; (d) that the court thereafter expressly ordered Agrella to answer specific questions put to him by the Grand Jury, and despite that order, Agrella continued to refuse to answer the questions; (e) that the questions which Agrella was ordered to answer were relevant and material questions designed to obtain information necessary to the Grand Jury's pending investigation into criminal activity and the commission of criminal offenses in Dade County; and (f) that Agrella has presented no legal excuse sufficient to countenance his refusal to answer the questions. Based upon these essential findings, the trial court ordered Agrella to be imprisoned in the Dade County Jail until the expiration of the term of the Grand Jury on November 10, 1981, or until such time as Agrella chose to appear and testify before the Grand Jury and purge himself of the contempt, whichever occurred sooner. The trial court denied Agrella bond pending his appeal to this court.
We see no abuse of the trial court's discretion in refusing to grant release on bail pending appeal of the civil contempt judgment. Agrella's only contentions are (1) that the purpose of the questioning before the Grand Jury was to elicit testimony in connection with an already returned indictment, and (2) that the State's grant of immunity was incomplete, since it did not guarantee him that he would not be prosecuted by the Federal Government for offenses about which he might testify.
In support of his first claim,[1] Agrella relies on Federal cases, see, e.g., Beverly v. United States, 468 F.2d 732 (5th Cir.1972); United States v. Doe, 455 F.2d 1270 (1st Cir.1972); In re September Grand Jury, 454 F.2d 580 (7th Cir.1971); United States v. Dardi, 330 F.2d 316 (2d Cir.1964), cert. denied, 379 U.S. 845, 85 S.Ct. 50, 13 L.Ed.2d 50 (1964), for the proposition that the Grand Jury may not be used as a tool of discovery for a pending case. His reliance is misplaced. First, those very cases hold there is no abuse of the grand jury function unless it can be shown that the sole and dominant purpose is to gather evidence for the pending trial. In the present case, the Assistant State Attorney, while admitting that Agrella's testimony could be used for the prosecution of individuals who have already been charged, also represented to the court at Agrella's contempt hearing that the testimony was sought in connection with investigation of crimes which were not yet the subject of any indictment. Second, the limited function of the Federal Grand Jury which causes this constraint upon its use bears no relationship to the much broader function of the State Grand Jury.
Agrella's second claim that the State's grant of immunity did not protect him from a future Federal prosecution is also unavailing. The Constitution requires only that Agrella's testimony under a state grant of immunity not be used against him by the Federal Government. Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). See Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). It is this use immunity which Agrella is assured by Murphy that supplants any right against self-incrimination that he may have. Murphy v. Waterfront Commission, supra.
We do not intend to prejudge the merits of Agrella's appeal, which by separate order we have expedited. We determine only that the trial judge has not clearly abused his discretion in denying bail and make that determination on the limited record before us. Beverly v. United States, supra; Smith v. United States, 434 F.2d 612 (5th Cir.1970); Welsh v. United States, 404 F.2d 333 (5th Cir.1968); McCoy v. United States, 357 F.2d 272 (D.C. Cir.1966); Kaufman v. United States, 325 F.2d 305 (9th Cir.1963).
*1115 Accordingly, the petition for writ of habeas corpus is denied.
NOTES
[1] Assuming, arguendo, that Agrella has standing to make such a claim. But see Martin v. State, 194 So.2d 8 (Fla. 3d DCA 1967).