DOWNEY, Judge.
Appellant, Milton Banner, was convicted of delivering cocaine to an undercover agent and sentenced in accordance with the recommended guideline sentence to serve six months in community control followed by two and one-half years probation, with special conditions. Banner appeals the judgment of conviction and sentence contending the trial court erred in (1) denying his motion to suppress identification testimony resulting from an unnecessarily suggestive pretrial lineup and (2) refusing to allow Banner to call the prosecutor as a witness.
The material facts are that appellant was charged with delivery of cocaine based on an identification of appellant by undercover Detective Torres who made a “buy” on the evening of March 16, 1985 from an unknown suspect in Baker’s Bar. Torres, an experienced narcotics agent, described the suspect as five feet, six inches to five feet, seven inches, 135 pounds and having a light complexion, rough face, no beard or mous-tache, no visible scars and big lips. Sometime later, while riding with a confidential informant, Torres saw appellant, identified him as the suspect, and was told his name was Milton Banner. A warrant was issued for appellant’s arrest based on this information. On October 17th, seven months later, the trial court, on the state’s motion, ordered appellant to stand in a lineup. At the lineup, Torres asked two of the men (appellant, no. 6, and the next shorter man, no. 2) to stand forward and then identified appellant as the suspect in the crime. Appellant subsequently moved to suppress this identification, alleging the procedure used in the lineup was unnecessarily suggestive.
During the pretrial suppression hearing, John Masi, the prosecutor admitted he had, prior to the lineup, told Detective Torres that appellant’s counsel had told him that there were discrepancies between Torres’ description of the suspect and appellant’s actual description. Torres testified he “could not recall” if Masi had discussed the actual measurements or just that there were discrepancies but he did recall Masi’s mentioning a beard. Torres testified that his identification was based on his observation of the suspect at the time of the drug transaction and not his conversation with Masi. He testified that the discrepancies (appellant was four inches shorter and fifteen to twenty pounds lighter than Torres’ description and had facial hair) were due to his description being only an estimate. Torres testified he had spent two to three minutes talking with appellant during the “buy,” in a well-lighted area, and that he was positive appellant was the suspect because on every “deal” he tried to picture a person from his past and appellant reminded him a lot of a person he used to know in Fort Lauderdale. The trial court denied the motion to suppress finding there was no unnecessarily suggestive identification. Thereafter, Banner filed a motion to have Joseph Masi, the prosecutor, removed so that Banner could call him as a witness to testify to what Masi had told Torres prior to the lineup. Denial of said motion constitutes the second point on appeal.
With reference to the denial of the motion to suppress we must keep in mind that the trial court’s conclusion to deny the motion requires this court to view the evidence and all reasonable inferences there *954 from in a light most favorable to that decision. Glas v. State, 329 So.2d 341 (Fla. 3d DCA 1976); State v. Rizo, 463 So.2d 1165 (Fla. 3d DCA 1984). Our examination of the evidence adduced at the suppression hearing convinces us that were it not for the fact that the prosecutor advised Torres prior to the hearing that defense counsel informed him Torres’ description of Banner was not accurate, the lineup under attack would never have been questioned. The people involved were not a dissimilar group. Banner was the shortest but not otherwise unusually distinguishable. Torres testified positively that he recognized Banner because he had the opportunity to look at him carefully at the crime scene; he stalled the sale to study him, and Banner reminded him of a friend in Fort Lauderdale. Torres dismissed the discrepancies in height, weight and facial hair as estimates. Not only do we hold that there is substantial competent evidence in the record to support the trial judge’s conclusion on this question, but we find his conclusions are in line with the two-step test for reliability formulated in Grant v. State, 390 So.2d 341 (Fla.1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981).
Banner’s second point raises a somewhat different point having to do with his right to adduce evidence to convince the jury that the state’s identification of him is too weak to meet the standard of proof required. Banner wanted to show that Torres’ identification at the lineup was bolstered by what the prosecutor had told him about Torres’ original description. That could be shown by calling the prosecutor as a witness or by cross-examination of Torres. During the trial the prosecutor brought out through Torres that Torres had talked to him prior to the lineup and they had discussed certain of Banner’s physical characteristics such as a beard. However, on cross-examination Banner never asked Torres a single question about his conversation with the prosecutor prior to the lineup. He totally refrained from attempting to prove through Torres that Torres’ identification of Banner at the lineup was influenced by what he learned from the prosecutor. Thus, Banner had the opportunity to adduce proof on the very point involved in his second point on appeal and he failed to take advantage of it. To now allow Banner a new trial for such oversight, or possibly even tactical maneuver, is simply not in the cards.
We fail to find reversible error demonstrated and thus must affirm the judgment and sentence appealed from.
HERSEY, C.J., concurs.
LETTS, J., dissents with opinion.